NEW AMSTERDAM CASUALTY COMPANY *v.* PLAZA SQAURE REALTY COMPANY.

[No. 15,039. Filed April 19, 1935. Rehearing denied October 18, 1935. Transfer denied December 10, 1935.]

*Herman L. McCray, Edward J. Boleman, Burrell Wright* and *Jacob S. White,* for appellant.

*Bingham, Mendenhall & Bingham,* for appellee.

CURTIS, J.—This action was commenced in the trial court by the appellee against the appellant to recover

damages claimed to be due the appellee for a breach of an insurance contract executed by the appellant to the appellee.

The appellant executed an Owners', Landlords' and Tenants' Public Liability Policy to the appellee, which policy, with stipulated limitations, insured the appellee against loss from liability imposed by law upon it for damages on account of bodily injuries or death suffered as a result of any accident occurring while the policy was in force by any person or persons not employed by the appellee while upon the premises or upon the sidewalks or other ways immediately adjacent to the property described in the policy.

The appellee claimed that on the 17th day of January, 1929, one Lillie Failing was injured while attempting to enter the apartment house located on the appellee's premises, by falling into a cellar-way on the side of the apartment house; that the appellee had no knowledge whatsoever of the occurrence of the accident until September 24, 1929; that on September 27, 1929, it gave written notice of the accident to the G. L. Ramey Agency, a brokerage agency through which the insurance was written; that thereafter, on November 14, 1929, the said Lillie Failing brought suit against the appellee on account of the alleged injuries sustained in the accident and that the appellant was immediately notified of the filing of this suit by the appellee; that the appellee requested the appellant to defend the suit in accordance with certain stipulations in the policy of insurance which the appellee claimed obligated the appellant to defend said suit; that thereafter the appellant denied and disclaimed coverage of the accident and refused to defend the suit; that thereafter the appellee defended the suit and a judgment was entered against the appellee therein in the sum of $800.00 with interest and costs; that after the rendition of this judgment the appellee

demanded that the appellant pay the same, together with costs, expenses and attorneys' fees incurred in the defense of the suit and that the appellant failed and refused to pay the judgment; that, therefore, the appellee was entitled to recover damages against the appellant in the sum of $800.00 with costs, expenses, and attorneys' fees incurred in the defense of the said suit.

The appellant contested the action mainly upon the theory that the appellee, in violation of the express stipulation in the policy failed to notify the appellant of the occurrence of the accident within a reasonable time after it occurred, the accident having occurred in January of 1929, and the appellant having received no notice of the occurrence of said accident or any claim on account thereof until after September 27, 1929, and that no excuse was shown which would justify the appellee in failing to give the notice required by the contract of insurance.

The case was tried on the appellee's amended complaint in one paragraph, which was answered in general denial. The insurance policy is filed with the amended complaint and made a part of the same, marked "Exhibit A." There was a trial by the court and a general finding in favor of the appellee, on which judgment was entered for $1,101.65, and costs. In due time the appellant filed its motion for a new trial, which was overruled with an exception reserved and this appeal prayed and perfected. The ruling on the motion for a new trial is the only error assigned. The grounds of the motion which are presented are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The appellant in its brief makes use of the following language: "The whole controversy turns on the stipulation in the policy contract which reads as follows: 'Condition B. The assured shall give immediate written

notice of any accident and like notice of any claim or suit resulting therefrom, together with every summons or other process, to the executive office of the company in Baltimore, Maryland, or to its authorized representative.' "

The appellee contends and there is evidence to sustain its contention that it did not have any notice of the accident until September 24, 1929, and that it gave written notice to the agent of the appellant three days later. The accident actually took place a little more than eight months previously. It is the appellee's contention that it served the notice timely. There was some evidence that one Mable N. Kreglo, a sister-in-law of the president of the appellee company, had knowledge of the accident two or three days after it occurred. She said the janitor told her. She had been looking after some repairs to the building for her said brother-in-law individually. The janitor knew of the accident but he said he made no report of it except to speak to Miss Kreglo. There is some conflicting evidence as to the title or position, if any, which Miss Kreglo held in the appellee company, but the evidence of the president of the company was positive that she was not the manager of the apartment building in question during the year 1929. There is positive evidence that neither she nor the janitor ever told any of the appellee's officers or agents anything about the accident. The janitor's duties were described as limited to firing the furnace, cleaning out the ashes, keeping the building clean and showing but not renting apartments. Under these circumstances we think the court was correct in the conclusion it evidently reached that the notice or knowledge of the accident possessed by Miss Kreglo and the janitor was no notice to the appellee and that the appellee had no notice of the accident until on September 24, 1929, and that the notice it gave to the appellant

on the 27th of the same month was timely. Although the policy provided that "the insured shall give immediate written notice of any accident," yet we do not construe the policy contract as requiring the appellee to do an impossible thing, to wit: to give notice of the accident before it knew about it. The language of the policy must be given a reasonable construction. See: *Peele* v. *The Provident Fund Society et al.* (1897), 147 Ind. 543; 44 N. E. 661, 46 N. E. 990; *Metropolitan Life Insurance Company* v. *Peoples Trust Company* (1912), 177 Ind. 578, 98 N. E. 513, and the cases cited therein.

The policy sued upon required the appellant upon request to defend the Failing case. This it refused to do, thus breaching its policy contract and rendering it liable in damages. See: *Frankfort Marine, Accident and Plate Glass Insurance Company* v. *Lafayette Telephone Company* (1923), 79 Ind. App. 663, 129 N. E. 529.

We think the decision of the court is sustained by sufficient evidence and is not contrary to law.

Judgment affirmed.