Robert M. ROBISON and Robert M. Robison Construction Company, Appellants,

v.

COMMERCIAL INSURANCE COMPANY OF NEWARK, Appellee.

Court of Appeals of Kentucky.

Jan. 20, 1956.

Rehearing Denied May 11, 1956.

William A. Miller, Miller, Howard & Huff, Louisville, for appellant.

H. B. Kinsolving, Shelbyville, Robert C. Hobson, Woodward, Hobson & Fulton, Louisville, for appellee.

PER CURIAM.

This is a motion for an appeal from a judgment denying appellants the right to recover $750 for expenses incurred in the defense of an action to which they were made additional parties. The lower court adjudged they were not "other assureds" under the omnibus clause of a policy issued by appellee to one John Perry and were therefore not entitled to recover the above expenses. We believe the record and the law fully support the holding of the lower court.

The motion for an appeal is overruled and the judgment is affirmed.

Carl STAPLES, Appellant,

v.

SOUTHERN FIRE & CASUALTY COMPANY, Appellee.

Court of Appeals of Kentucky.

Feb. 3, 1956.

Rehearing Denied May 11, 1956.

Marshall Funk, Bowling Green, for appellant.

Coleman, Harlin & Orendorf, Robert M. Coleman, Bowling Green, for appellee.

CAMMACK, Judge.

This is a motion for an appeal from a judgment of the Warren Circuit Court.

The appellant, Carl Staples, recovered a default judgment against Harold W. Anderson, for damages to his truck resulting from a collision with Anderson's car. The Southern Fire & Casualty Company (hereinafter referred to as the Company), Anderson's liability insurance carrier, refused to pay the judgment, whereupon this action against the Company was filed. The trial court concluded that the Company was relieved of liability by the terms of the insurance policy which it had issued to Anderson, and entered judgment accordingly.

The stipulated facts reveal that prior to the suit against Anderson, Staples, through his attorney, sent a letter, dated May 8, 1952, to Anderson's Tennessee address demanding settlement of the claim and notifying him that if no settlement was had, litigation would follow. No reply to that letter was received. Another letter, dated May 22, 1952, was then sent to Anderson's address, telling him that litigation would be started unless Staples' attorney was contacted immediately. Again, Anderson did not reply. However, a letter dated June 9, 1952, was received from the Company relating that the letter of May 8th had been referred to its Division of Claims. The letter stated that the Company had not completed its investigation of the accident, but would communicate with Staples' attorney when that was done. The letter stated that Anderson denied any negligence on his part concerning the accident.

No further correspondence was had, and on August 8, 1952, Staples filed his action against Anderson. Jurisdiction of the defendant was obtained through service on the Secretary of State under the provisions of KRS, Chapter 188, our nonresident motorist statute. A copy of the complaint and the summons was sent by registered mail to the Tennessee address of Anderson, and was returned to the Secretary of State marked "Unclaimed"; "Moved left no address"; and "Attempted delivery refused at 101 Mulberry St. address unknown removed." No responsive pleadings were filed and no defense was made to the suit. On March 2, 1953, a default judgment was entered in favor of Staples.

■ On this appeal the Company relies solely upon the defense that Condition 2 of the policy was not complied with. That condition provides:

> "If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process *received by him or his representative*." (Emphasis ours)

It is undisputed that the "demand" was forwarded to the Company. It was stipulated also that the insured did not receive the copy of the summons and complaint. Hence, as far as the insured was concerned, the requirements of Condition 2 were fulfilled in every respect. Obviously, he could not forward to the Company papers which he did not receive, and the policy did not require him to do so.

It will be noted that Condition 2 requires papers received by the insured *or his representative* to be forwarded to the Company. The question immediately arises: Was the Secretary of State a "representative" of the insured, as that term is used in the policy? If so, the Company can not be held liable because papers were admittedly received by that official and were not forwarded to the Company.

■ KRS 188.020 makes the Secretary of State an "agent (of nonresident motorists) for the service of process" in actions under the statute. Hence, the public official is not a general representative of the defendant, but rather an agent for one limited purpose, namely, service of process. Since the language of the insurance policy provides that papers, if received by the insured's representative, shall be forwarded to the Company, we think the term "representative," as used therein, contemplates either a general agent of the insured who would be familiar with the policy and its terms and would forward any papers received by him directly to the Company, or an agent who, in the scope of his employment, would be expected to deliver such papers to the insured so that *he* could forward them to the Company in compliance with the terms of the policy. Thus, the

policy contemplates that the insured forward the papers, or delegate that duty to his representative. If the latter negligently failed to do so, his negligence would be imputed to his principal, the insured, and the Company would not be liable. But it is clear that the statutory duties imposed upon the Secretary of State in nonresident motorist cases are significantly less than those which the Company contemplated when it wrote the term "representative" into Condition 2 of the policy.

■ In support of our conclusion as to the intended scope of the policy's application to facts such as are presented here, it may be. emphasized that the judgment upon which this action was based was obtained under a nonresident motorist statute. It is a matter of common knowledge that valid judgments frequently are obtained under these statutes without actual receipt of the summons by the defendant. It is reasonable to assume that liability insurance companies are aware of this fact, and therefore would disclaim expressly any liability for judgments so obtained if they did not intend to insure motorists against them.

The insurance policy under consideration contains no disclaimer of liability for judgments obtained under nonresident motorist statutes without actual receipt of the summons or notices by the insured. Indeed, a contrary intent may be drawn from Agreement VIII which states expressly that the policy applies to accidents occurring anywhere in "the United States of America, its territories or possessions, Canada or Newfoundland." Clearly, the policy does not limit the Company's liability to judgments obtained in those jurisdictions that require actual receipt of the summons by the insured in every case.

■ Since many states have nonresident motorist statutes, and since the insurance policy purports to protect the insured against judgments rendered in any state, the Company should be deemed to have accepted the risk of liability for judgments obtained under those statutes without actual service of notice and summons on the insured. If the Company did not intend to accept that risk, it would have been a simple matter to place an express disclaimer in the policy.

■ Because Condition 2 of the policy was fulfilled in every respect, and that was the only defense presented by the Company, the judgment of the trial court must be set aside. Since the facts were stipulated, a judgment for Staples should be entered.

The motion for an appeal is sustained. The judgment is reversed, with directions to set it aside, and to enter a judgment for the appellant.

MONTGOMERY, J., dissenting.