**HARTFORD ACCIDENT AND INDEM-NITY COMPANY, Plaintiff-Appellee,**

v.

**LOCHMANDY BUICK SALES, INC.,**
**Defendant-Appellant.**

No. 13542.

United States Court of Appeals
Seventh Circuit.

May 8, 1962.

George N. Beamer, Jr., George N. Beamer, South Bend, Ind. (Crumpacker, May, Beamer, Levy & Searer, South Bend, Ind., of counsel), for defendant-appellant, Lochmandy Buick Sales, Inc.

Arthur W. Goulet, South Bend, Ind., for appellee.

Before HASTINGS, Chief Judge, SCHNACKENBERG and KILEY, Circuit Judges.

KILEY, Circuit Judge.

In this diversity action the court, without a jury, entered a declaratory judgment that plaintiff insurer was not required, under its garage policy covering Lochmandy Buick Sales, Inc. (hereinafter referred to as Buick), to defend or to pay any judgment rendered against it in a personal injury action. Buick has appealed.

Buick is an Indiana corporation which sells and services Buick cars in Elkhart, Indiana. Plaintiff is a Connecticut corporation which issued the policy herein involved.

Buick's president Lochmandy was asked to provide automobiles for an American Legion parade to be held on June 23, 1956. He declined,[1] but some of his salesmen volunteered to enter their

---

1. Mr. Lochmandy stated he would furnish his own car for the parade but could not agree to furnish others because his sales-men owned their own cars and could not be directed by him to use them outside of their business as salesmen.

cars. One of these, Ernest Miller, a part time and non-salaried salesman, drove his car with a sign on the side, furnished by another salesman, reading: "Welcome Legionnaires—Ernest Miller—Lochmandy Buick Sales, Inc." During the course of the parade Miller's automobile ran into Charles Ruklic and broke his leg.

Three days later, Lochmandy learned the details of the occurrence from Miller and that the matter had been turned over to Miller's insurer. Lochmandy's next notice of the matter was a letter of April 30, 1958, from Ruklic's attorney, of intention to sue.[2] He sent this letter to Hartford's agent.

Ruklic sued Buick as Miller's principal June 20, 1958. Plaintiff rejected Buick's request that it defend the suit on the ground that Buick had violated the policy by failing to give timely notice of the occurrence.

It is stipulated that Lochmandy "was of the opinion that there was no need to notify his insurance company because he was in no way involved, Mr. Miller was not acting as agent for * * * Buick * * * and furthermore, Mr. Miller carried his own liability insurance * * *." He knew of the occurrence a few days after it happened but gave no notice to insurer. Its first notice from Buick was when Lochmandy forwarded the summons nearly two years later.

On these facts the District Court concluded as a matter of law that Buick did not notify plaintiff "as soon as practicable after the accident," as required by the insurance policy, that there was no valid excuse for his failure to do so, and that plaintiff was not bound to defend. The main question is whether this decision was erroneous.

■ The general rule is that an insured will be excused, where, acting as a reasonably prudent person, he believed that he was not liable for the accident. Dunn v. Travelers Indemnity Co., 5 Cir., 123 F.2d 710 (1941); see

29A Am.Jur., Insurance, § 1393; Annot., 18 A.L.R.2d 443, 472.

The "notice as soon as practicable" provision has been interpreted as requiring notice to be given within a reasonable time under the circumstances. See Home Indemnity Co. v. Ware, 3 Cir., 285 F.2d 852 (1960); Leytem v. Fireman's Fund Indemnity Co., 249 Iowa 524, 85 N.W.2d 921 (1957).

No Indiana case cited controls our decision on the precise question whether Lochmandy's judgment for Buick about not giving notice was sufficient excuse to render timely the notice nearly two years later.

The Appellate Court of Indiana, in New Amsterdam Cas. Co. v. Plaza Square Realty Co., 101 Ind.App. 174, 195 N.E. 289 (1935), decided in favor of the insured under an "immediate notice" provision. Eight months had elapsed between the injury and notice to the insurer, but the insured had no notice of the injury on its premises until three days before it gave notice. In Metropolitan Life Ins. Co. v. People's Trust Co., 177 Ind. 578, 98 N.E. 513, 41 L.R.A.,N.S., 285 (1912) the Indiana Supreme Court thought, under the facts there, that two years and two months was excusable delay. However, in Railway Passenger Assur. Co. of Hartford v. Burwell, 44 Ind. 460 (1873) it decided a complaint by insured was defective, no excuse being alleged therein for a delay of six days under an "immediate notice" provision. The facts in these cases distinguish them also.

In other jurisdictions decisions vary in applying the general rule to varying fact situations. Buick relies upon Leytem v. Fireman's Fund Indemnity Co., 249 Iowa 524, 85 N.W.2d 921 (1957) and Home Indemnity Co. v. Ware, 183 F.Supp. 367 (D.Del.1960). In Leytem the Iowa Supreme Court affirmed, deciding the trial court's finding of fact that a delay of over a year in giving notice was not unreasonable under the circumstances. The Ware decision was appealed, 3 Cir., 285

---

2. Ruklic received $14,000 from Miller's insurer in return for a covenant act to sue Miller.

F.2d 852 (1960) and a divided Circuit Court affirmed on the District Court's finding for insured that under the circumstances an eighty-five day delay was not unreasonable. We do not consider that either case compels us here to reverse the District Court's finding.

Plaintiff relies upon Dunn v. Travelers Indemnity Co., 5 Cir., 123 F.2d 710 (1941), where the court affirmed judgment for insurer, as a matter of law, where delay in giving notice was twenty-two months. Applying the general rule, the Court of Appeals thought Dunn's representative's investigation was incomplete and his decision not the action of a prudent person because he failed to talk to the injured man who was the prospective claimant.

We have read all the cases cited by both parties but see no need of discussing all of them. Differing fact situations, as we have shown, produce different results under the general rule; and more or less equal delays in time may be excused or not depending on circumstances. This court, for example, has held a thirty-five day delay inexcusable. Hawkeye-Security Ins. Co. v. Myers, 7 Cir., 210 F.2d 890 (1959), and a ninety-four day delay excusable, Dearborn Nat. Cas. Co. v. Consumers Petroleum Co., 7 Cir., 178 F.2d 277 (1949).

■ Here Lochmandy made the decisions for Buick that it was not liable because Miller was not its agent, and that the notice requirement of Buick's policy was unnecessary. We think the trial court could decide as a matter of law, on the undisputed facts, that Lochmandy, had there been no insurance, would not have made the decisions for Buick, in the same way, and surely not without a much more thorough investigation; that in making the decisions he did not act as a reasonably prudent person; and that plaintiff was under no duty to defend Buick or pay any judgment obtained by Ruklic against it. We find no error in the court's decision.

The next question is whether the court erred in failing to conclude that since the insurer showed no prejudice the notice was timely.

We do not feel bound by the statement made in Insurance Co. of North America v. Brim, 111 Ind. 281, 12 N.E. 315 (1887), that since there was no evidence of objection by insurer that notice was not timely "or that any detriment resulted to it on account of the delay," the notice was reasonable. That statement does not appear in later Indiana cases cited by defendant. And Hawkeye-Security Ins. Co. v. Davis, 8 Cir., 277 F.2d 765 (1960) is admittedly not certain authority. The Supreme Court of Michigan has held that prejudice is a necessary element in a question whether sending of summons is timely where insurer had notice otherwise. Weller v. Cummins, 330 Mich. 286, 47 N.W.2d 612 (1951), and it is indicated that the burden is on the insurer to prove the "necessary element". Wehner v. Foster, 331 Mich. 113, 49 N.W.2d 87 (1951). In Wisconsin, however, a statute creates a presumption that insured is prejudiced by failure to give timely notice and the burden is on the insured to rebut the presumption. Calhoun v. Western Cas. & Surety Co., 260 Wis. 34, 49 N.W.2d 911 (1951). And in Iowa there is a presumption of prejudice where the delay is wholly unexcused and unjustified, Henderson v. Hawkeye-Security Ins. Co., 106 N.W. 2d 86 (Iowa 1960). The question of prejudice is frequently related to the question of reasonableness of the time within which notice was given, Minnesota Farm Bureau Service Co. v. American Cas. Co., 167 F.Supp. 315 (D.Minn.1958).

In Young v. Travelers Ins. Co., 5 Cir., 119 F.2d 877 (1941), cited by Buick, the court decided that a delay of two and a half months was in no "sense excessive or gross" under the circumstances there and that the record failed to support a finding of prejudice. The court made plain that in Mississippi, if failure, under circumstances of time of accident and notice, is "unreasonable in itself," the failure to give notice is effective to release insurer from liability.

■ We think that the District Court in the case at bar could justifiably con-

clude that the delay was "unreasonable in itself," gave rise to a presumption of prejudice, and that the presumption was not rebutted. The refusal to include the no prejudice finding was not error.

 Finally, we see no valid ground on the record, in the face of insurer's constant reservations of right, upon which Buick can claim the insurer waived the requirement of the notice provision of the policy. The court's conclusion to the contrary is not erroneous.

For the reasons given, the judgment is affirmed.