Hillsborough,
No. 5544.

## Howard Fisk

*v.*

## Atlantic National Insurance Company.

Argued April 4, 1967.
Decided December 29, 1967.

*Charles J. Lincoln* ( by brief and orally ), for the plaintiff.

*Sheehan, Phinney, Bass & Green* and *E. Paul Kelly* ( *Mr. Kelly* orally ), for the defendant.

GRIMES, J. By an action instituted in 1965 the plaintiff sought to recover from the defendant a default judgment which the plaintiff had obtained against Raymond Lessard, the defendant's insured, arising out of an automobile accident on April 1, 1961 in Amherst, New Hampshire. The Court ( *Griffith,* J. ) made findings of fact and reserved and transferred without ruling the question whether under these findings the plaintiff is entitled to a verdict.

Lessard notified the defendant of the accident shortly after its occurrence and the defendant had the matter investigated by an independent adjusting agency. This agency completed the investigation and forwarded to the defendant a report which included a statement by the plaintiff dated May 12, 1961 that there were no personal injuries and the only claim for damages was property damage to the automobile.

The defendant's policy with Lessard covered only bodily injury and it so notified Fisk. It does not appear whether or not it also notified Lessard.

Approximately a year later on April 27, 1962, the plaintiff brought suit against Lessard for both personal injuries and property damage. Service was made on the Motor Vehicle Commissioner pursuant to RSA 264:1 and a copy of the writ was sent by registered mail to Lessard at 69 Newfield Street, North Chelmsford, Massachusetts. The Trial Court found that the registered "letter was unclaimed, although it appears that the address was still a proper address, and the Court finds that it was mailed to the address given in his accident report."

Because no appearance was entered a default judgment was entered against Lessard on June 20, 1962. The first notice that the defendant had of this suit was a letter from Fisk's counsel dated June 22, 1962, stating that a default judgment had been entered and the damages would be assessed in a future proceeding. Plaintiff's counsel was informed that the defendant denied coverage because of the failure of Lessard to have forwarded the writ as required by the policy. Damages were assessed in 1964 at a hearing at which defendant did not appear although invited by plaintiff's counsel to do so.

The policy in this case was a Massachusetts motor vehicle liability policy issued to Raymond Lessard of North Chelmsford, Massachusetts, where the insured vehicle was principally garaged. It included coverage A for compulsory liability insurance under

Massachusetts law which is not involved in this case and coverage B which is optional bodily injury liability coverage for accidents which occur while the motor vehicle is within the United States. Since this motor vehicle liability policy was written, issued and delivered in Massachusetts, insured a Massachusetts resident and the principal location of the insured risk was in Massachusetts, the terms and conditions of the policy are governed by Massachusetts law. *Maryland Cas. Co.* v. *Coman,* 106 N. H. 364, 365; *Hinchey* v. *National Surety Co.,* 99 N. H. 373, 377; Patterson, Essentials of Insurance Law, *s.* 10 ( 1957 ); Restatement ( Second ), Conflict of Laws, *s.* 346i, *comment* a ( Tent. Draft No. 6, 1960 ). Since the accident comes within the noncompulsory provisions of the policy the rights of an injured party are no greater than those of the insured. *Jertson* v. *Hartley,* 342 Mass. 597, 602; *Cassidy* v. *Liberty Mutual Ins. Co.,* 338 Mass. 139, 143.

The pertinent portion of the policy provides "If claim is made or suit is brought against the insured, he shall immediately forward to the company every demand, notice, summons or other process received by him or his representatives." Massachusetts has upheld and enforced such provisions and has considered a failure to strictly comply therewith a "breach of the contract of insurance, which in the absence of estoppel or waiver relieved the insurer of liability." *Potter* v. *Great American Indemnity Co.,* 316 Mass. 155, 157. See also, *Smith Mfg. Co.* v. *Travelers' Ins. Co.,* 171 Mass. 357; *Brackman* v. *American Employers Ins. Co.,* 349 Mass. 767.

It is undisputed that the envelope containing the copy of the writ served on the Motor Vehicle Commissioner was returned to the sender with the notation that it was "unclaimed." The envelope bears two notations as follows: "Form left 5/9/62" with initials and "Notified 5/2/62" with initials. It therefore appears that, for whatever the reason, no "demand, notice, summons or other process" was ever actually received by Lessard. He could hardly forward what he never received and the language of the policy does not require him to do so. *Staples* v. *Southern Fire &c. Co.,* 289 S. W. 2d 512 ( Ky. App. 1956 ); *Groth* v. *Standard Accident Ins. Co.,* 267 F. 2d 399 ( 7th Cir. 1959 ). While the Motor Vehicle Commissioner is by statute made his agent for the service of process that provision is not to be extended to make him the insured's "representative" within the terms of the policy.

*Staples* v. *Southern Fire &c. Co., supra.*

While no Massachusetts cases have been cited which relate to this precise issue with respect to failure to forward a process not received the law of Massachusetts has long been that as to the requirement of notice of accident no duty arose until the assured had knowledge of the accident. *Mandell* v. *Fidelity & Casualty Co.,* 170 Mass. 173; *Rose* v. *Regan,* 344 Mass. 223, 226. Of course an insured cannot knowingly by his own actions avoid receipt of the process which is sent to him and thereby be excused from compliance with the terms of the policy but we hold that absent such action on his part the assured does not violate the terms of the policy by not forwarding a process which he does not receive.

The burden of proving compliance with the terms of the policy or excuse for noncompliance is upon the one seeking to recover. *Segal* v. *Aetna Cas. Company,* 337 Mass. 185; *Sheehan* v. *Commercial Travelers &c. Ass'n,* 283 Mass. 543; *Hull* v. *Insurance Company,* 100 N. H. 387.

As to the lack of notice of the commencement of suit the Trial Court found as follows: "The Court specifically finds that the assured probably failed to notify the company of the bringing of the suit against him, and that the notice of June 22, 1962 was the first notice to the company that suit had been brought." This is equivalent to a finding that he did fail to notify the defendant. *Sunapee Dam Corporation* v. *Alexander,* 87 N. H. 397, 403; *Pulsifer* v. *Walker,* 85 N. H. 434, 436; *Goddard* v. *Company,* 82 N. H. 225, 231. However the finding is inadequate because it does not answer the question whether the insured's failure to receive the process was due to his own unjustifiable action. As we have said the failure to send to the defendant what through no conduct of his own he never in fact received does not constitute a breach of the condition by Lessard. The presumption of regularity of the mails cannot be relied on here to show receipt by Lessard because it affirmatively appears that the writ was never in fact received by him. The case must be remanded for a retrial to determine whether Lessard's failure to receive the process was due to his own unjustifiable action.

The plaintiff contends that the defendant was in no way prejudiced by the failure of the insured to notify the defendant of the beginning of the suit. Whether lack of prejudice is a material factor is a question which has resulted in conflicting decisions in

various jurisdictions. Annot. 18 A.L.R. 2d 443, 479-486. However, under the governing Massachusetts law it is settled that an insurance company may use as a defense the insured's failure to comply with the conditions of the policy concerning notice and suit and is not obliged to show that it was prejudiced by such failure. *Rose* v. *Regan,* 344 Mass. 223, 226; *Polito* v. *Galluzzo,* 337 Mass. 360, 365; *Imperiali* v. *Pica,* 338 Mass. 494, 498.

The record in this case does not support a finding of waiver by the defendant of the provisions of the policy as to notice and suit. *Depot Cafe* v. *Century Indemnity Co.,* 321 Mass. 220. *Cf. Rose* v. *Regan, supra.* The plaintiff contends that the company should have attempted to reinstate the case and remove the default or could have filed a petition for declaratory judgment to determine its liability and coverage instead of relying on its contact rights under the policy. These courses of action might have been better public relations and might have settled the questions with more dispatch but as was pointed out in *Lalos* v. *Tickler,* 103 N. H. 292, 297, it was not a mandatory duty that the liability insurer invoke the provisions of the declaratory judgment statute. RSA 491:22.

*Remanded.*

GRIFFITH, J., took no part in the decision; the others concurred.