Hillsborough,
No. 6120.

HOWARD FISK

*v.*

ATLANTIC NATIONAL INSURANCE COMPANY.

July 24, 1972.

*Charles J. Lincoln,* for the plaintiff, filed no brief.

*Sheehan, Phinney, Bass & Green* and *E. Paul Kelly* (*Mr. Kelly* orally) for the defendant.

DUNCAN, J. This case comes to this court for a second time following a hearing in the superior court before *Leahy,* C.J., "limited to the stated issue" of "whether Lessard's failure to receive the process [in the tort action brought by the plaintiff against the defendants' insured Raymond Lessard] was due to his own unjustifiable action." *See Fisk* v. *Atlantic Nat'l Ins. Co.,* 108 N.H. 353, 356, 236 A.2d 688, 691 (1967). The

trial court found that "[Lessard] or his wife apparently failed to claim the registered letter giving him notice of the action against him," that "his actions at this time were unjustifiable as to the unclaimed letter;" and returned a verdict for the defendant.

The plaintiff excepted to the findings and verdict and moved to vacate them. He also excepted to denial of this motion, and the questions presented by his exceptions were reserved and transferred.

The only witnesses at the hearing were Lessard and his wife, both of whom were called by the plaintiff. The writ of which notice was mailed to Lessard by the motor vehicle commissioner was dated April 27, 1962, and entered on June 5, 1962. Default judgment was entered on June 20, 1962. It was the uncontradicted testimony of Lessard that at sometime in May 1962 he went to Chicago where he remained until the end of June; that he and his wife "had split up for a while and any mail that was coming in for me she wasn't accepting.... " It appears that notice of the arrival of the registered mail was left at 69 Newfield Street, North Chelmsford, Massachusetts, on May 9, 1962, while Lessard was in Chicago. Later his wife moved to Princeton Boulevard, without furnishing a forwarding address to the post office. Lessard also lived at Princeton Boulevard upon his return from Chicago.

Before his return, he received word from his wife that she had received a copy of the Fisk writ, by ordinary mail, from plaintiff's counsel. He testified that upon his return, he phoned his insurance agent in Lowell, and his wife delivered the copy of the writ to the agent. He testified that a week later he and his wife went to the office of the defendant insurance company in the Motor Mart building in Boston, where a company representative telephoned his Lowell agent, and then told him: "We will take care of everything ... Don't worry about it." The substance of his testimony was confirmed by Mrs. Lessard.

In support of the findings and decree, the defendant relies upon testimony by Lessard in response to questions by the court, that he was "getting a lot of mail from the court; probably small claims," and that "we didn't pay any attention

to it at all" and upon the finding that "He was receiving mail from 'District Courts' as he put it, and reached a point where he or his wife would not open such mail."

A fair reading of the testimony as a whole, however, indicates that the quoted testimony did not relate to the registered mail with which this action is concerned. Mrs. Lessard testified that she did not call for that letter in her husband's absence, because of their "financial difficulties."

The only conclusion fairly to be drawn from the evidence is that Lessard never refused the registered mail and that it was never delivered to him. While the trial court was at liberty to disbelieve the testimony of both Mr. and Mrs. Lessard, disbelief would furnish no basis for the finding that Lessard's actions "were unjustifiable as to the unclaimed letter." *Castonguay* v. *Company*, 83 N.H. 1, 8, 136 A. 702, 706 (1927).

*Plaintiff's exception sustained; remanded.*

All concurred.