**Delores Ann NEWPORT, Appellant (Plaintiff Below),**

v.

**MFA INSURANCE COMPANY and Countryside Casualty Company d/b/a MFA Insurance Companies, Appellees (Defendants Below).**

No. 4–582A115.

Court of Appeals of Indiana, Fourth District.

May 24, 1983.

Rehearing Denied July 12, 1983.

James Bopp, Jr., Arnold H. Brames, Brames, Bopp, & Haynes, Terre Haute, for appellant.

B. Curtis Wilkinson and John Christopher Wall, Patrick, Gabbert, Wilkinson, Goeller & Modesitt, Terre Haute, for appellees.

MILLER, Judge.

Plaintiff-appellant Delores Ann Newport is bringing this appeal from a negative judgment favoring MFA Insurance Companies wherein she was denied recovery of the $15,000 policy limit contained in an automobile liability policy issued to MFA's insured, John R. Downey. Newport first brought suit against Downey and was awarded a default judgment for $50,000 after she properly served him by publication. Shortly after the default, Newport notified Downey's insurer, MFA, of the judgment. MFA denied liability, and the instant litigation ensued. MFA defended on the grounds that Newport was precluded from recovery by her failure to comply with conditions precedent in the policy applicable to the insured, namely forwarding suit papers and cooperating with the insurer in defense of the suit. The trial court agreed and entered judgment accordingly.

We disagree, under the facts of this case, with the judgment as rendered and reverse.[1]

## ISSUE

Because we reverse, we need address only one of Newport's two issues:

Whether Newport is prevented from recovering under Downey's policy with

---

1. It is true that in order for one to collect on an insurance policy, one is generally required to allege performance of conditions precedent in the policy. *Phoenix Insurance Co. v. Pickel,* (1889) 119 Ind. 155, 21 N.E. 546; *National Life & Accident Insurance Co. v. Ritchie,* (1927) 86 Ind.App. 291, 157 N.E. 103; Ind.Rules of Procedure, Trial Rule 9(C). Newport did not do so. However, we need not decide whether a third-party beneficiary to an automobile liability insurance contract, who is probably ignorant of the policy's conditions, could in good faith allege such performance, as in the case here. The performance of conditions precedent was raised by affirmative defense, extensively litigated and intensely argued. MFA raised no quarrel about Newport's failure to so plead in her complaint, and the effective litigation of the issue persuades us to squarely address the appeal despite the possible picayune procedural error. Cf. *F & F Construction Co., Inc. v. Royal Globe Insurance Co.,* (1981) Ind.App., 423 N.E.2d 654.

MFA because of both her and Downey's failure to comply with conditions precedent in the policy requiring the insured to forward suit papers and to cooperate in defense of such suit.[2]

## FACTS

The following are the facts pertinent to our review as gleaned from the agreed statement of facts and documents proffered to the judge by Newport and MFA:

Newport's ten-year-old son, Robert, was killed in an automobile-pedestrian accident. The automobile was driven by Downey who was insured under a policy issued by MFA with a $15,000 policy limit. Newport's demand for settlement under the policy was denied, and she filed suit against Downey. She was unable to effectuate service upon Downey by either certified mail or sheriff's service so she resorted to publication. Neither Downey nor MFA ever appeared to defend, and Newport was awarded a $50,-000 default judgment. She notified MFA Insurance of the judgment and brought this suit after it denied liability. MFA's basis for defending this suit is the fact that neither Newport nor Downey complied with certain conditions precedent requiring the insured to forward suit papers and to cooperate with the insurer. Specifically, it relies upon the following contract language:

"6. Insured's Duty When Loss Occurs— Notice to the Company... If claim is made or suit is brought against the insured, he shall immediately forward to the Company every demand, notice, or summons received by him or his representative.

\* \* \* \* \* \*

8. Assistance and Cooperation of the Insured—The insured shall cooperate with the Company, disclosing all pertinent facts known or available to him, and upon the Company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization that may be liable to the insured with respect to which insurance is afforded under this policy; and the insured shall attend hearings and trials and assist

2. MFA, in addition to arguing the issues presented by Newport, propounds the following additional ground to support affirmance: Whether Newport is precluded from arguing for recovery in a direct action against MFA pursuant to Ind.Code 27–1–13–7 (Burns, 1975) when she initially pleaded and stipulated adherence to a third-party beneficiary theory of recovery.

MFA alleges that Newport has, on one or two occasions, asserted that her sole theory of recovery is as a third-party beneficiary to the insurance contract between MFA and its insured, Downey, and thus she is precluded from asserting recovery under IC 27–1–13–7 in her trial brief. And because the trial court did nevertheless render judgment upon the third-party beneficiary theory, alternatively to IC 27–1–13–7, MFA contends the judgment must be affirmed.

MFA concedes in its appellate brief that the third-party beneficiary theory was properly before the trial court. Appellee's brief, pp. 16–17. Thus, we perceive MFA's argument to be that Newport can bring a direct contract action against it as a third-party beneficiary but it cannot rely on the Indiana direct action statute, IC 27–1–13–7, providing for direct action. This argument is untenable.

First of all, the vast majority of MFA's trial brief was devoted to admitting the efficacy and arguing the merits of IC 27–1–13–7 as a route to recovery. Therefore, it appears the issue was tried by implied consent of the parties, regardless of the initial pleading theories.

Secondly, we fail to understand the relevancy of arguing IC 27–1–13–7 at all. This statute requires insurance policies in this state to provide, among other things, for direct actions against the insurer in case of the insured's bankruptcy or insolvency. The statute further provides that policies failing to so state shall be deemed to include the pertinent requirements. There is really no point in arguing this matter when both parties have *stipulated to the direct action clause as contained in the policy. See* Facts, *infra,* policy condition No. 10. And *nobody* has challenged the use of this direct action clause, which exceeds the scope of IC 27–1–13–7, to empower Newport to bring a direct action under a third-party beneficiary theory of recovery. Therefore, any argument premised on IC 27–1–13–7 as a distinct cause of action is absurd. The only cause of action here is a third-party beneficiary theory which both parties and the trial court did agree was valid. *See Millen v. Dorrah,* (1974) 161 Ind. App. 430, 316 N.E.2d 403 (third-party beneficiary complaint stated a cause of action when brought against insurer under policy with direct action clause). MFA has not presented us with alternative grounds for affirmance.

in securing and giving evidence and obtaining the attendance of witnesses and in the conduct of any legal proceedings in connection with the subject-matter of this insurance. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation, or incur any expense other than for such immediate medical or surgical relief to others as shall be imperative at the time of the accident. . . .

\* \* \* \* \* \*

10. Action Against the Company—No action shall lie against the Company under any coverage unless as a condition precedent thereto the insured shall have fully complied with all the terms of this policy, nor as respects Coverages A and B, until the amount of the insured's obligation to pay shall have been finally determined either by written agreement of the insured, the claimant, and the Company, or by judgment against the insured after actual trial in which no appeal has been taken, or if an appeal was taken, such appeal has been finally determined. Any person or organization or the legal representative thereof, having secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded. No person or organization shall have any right under this policy to join the Company as a party to any action against the insured to determine the insured's liability for the amount thereof, nor shall the Company be impleaded by the insured or his legal representative. Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the Company of any of its obligations hereunder."

MFA asserted that, as a result of Newport and Downey's failure to forward suit papers and to cooperate, it was unable to appear and defend in the original suit against Downey. Thus, Newport should be denied recovery. The trial court agreed, finding:

"2. That under either theory as asserted by Plaintiff in this cause, be it a third-party beneficiary theory, or a claim brought pursuant to the provisions of I.C. 27–1–13–7, Plaintiff had to comply with the policy requirements of the insurance policy issued by MFA Mutual Insurance Company, specifically, Policy No. 13–1–1965721–1, including the conditions precedent therein.

3. That the Plaintiff, Delores Ann Newport's failure to comply with all the terms and provisions of MFA Mutual Insurance Company's insurance Policy No. 13–1–1965721–1, precludes any recovery by her in this action against the Defendants, MFA Insurance Company and Countryside Casualty Company d/b/a MFA Insurance Companies.

4. The law is with the Defendants, MFA Insurance Company and Countryside Casualty Company d/b/a MFA Insurance Companies, and against the Plaintiff, Delores Ann Newport."

### DECISION

■ The primary focus of this litigation has been on whether Newport must comply with certain conditions in the policy before she can recover. Condition 10 of the policy, the direct action clause, denotes the prerequisites for bringing suit against MFA:

"10. Action Against the Company—No action shall lie against the Company under any coverage *unless as a condition precedent thereto the insured shall have fully complied with all the terms of this policy. . . .*"

(Emphasis added.) In the case here, MFA asserts Newport is precluded from recovering because she and the insured, Downey, failed to comply with Condition 6 (forwarding suit papers) and Condition 8 (cooperation).[3]

---

**3.** Ordinarily, these conditions would be considered waived by MFA by its denial of liability prior to suit. *See Motorists Mutual Insurance Co. v. Johnson,* (1966) 139 Ind.App. 622, 218 N.E.2d 712. However, that principle is inapplicable here where there is a nonwaiver clause in the policy and the denial of liability was apparently communicated to Newport, the injured party, and not to Downey, the insured. By the language of the provisions, it was Downey's

*Forwarding Suit Papers*

Dealing first with Condition 6, it is true, as MFA asserts, that failure of an insured to forward suit papers can prevent him from recovering under an insurance policy which establishes such as a condition precedent. *Lomont v. State Farm Mutual Automobile Insurance Co.,* (1958) 128 Ind. App. 645, 151 N.E.2d 701 (additional *insured* required to forward suit papers to insurer). And, "[i]n general, the injured person is in the legal shoes of the insured. If the insured has violated the policy requirements, the injured person would be precluded from recovery against the insurance company." *Motorists Mutual Insurance Co. v. Johnson,* (1966) 139 Ind.App. 622, 627, 218 N.E.2d 712, 715. Here, it is without dispute that neither Newport nor Downey forwarded any suit papers to MFA. Under the clear terms of the policy, Newport, the *injured* party, is not required to do so—only the *insured* party must—but by case law, Downey's failure to comply could prevent Newport from recovering. In the case at bar, MFA strenuously argues case precedent where the insured has been prevented from recovering for failure to forward suit papers. Newport argues she was not required to send notice. Both arguments beg the question. We must resolve the issue as it is presented by the facts of this case: Is an injured party precluded from recovering when the insured fails to forward suit papers as required by the policy when, in fact, the insured *never received any suit papers?* The facts here are undisputed that Newport had to resort to service by publication when service by certified mail and by sheriff failed. As a result, there was no evidence that Downey ever received suit papers to forward to MFA. Authorities state the policy condition can only be met if the insured receives the papers. Otherwise, the condition is impossible of performance and need not be fulfilled for the injured party to recover.

"Where the insured had no notice of a pending action until the entry of a default judgment, a delay in giving notice did not excuse the insurer's duty to defend. . . . If the insured, against whom a default judgment was entered, did not himself receive a summons, the insurer cannot set up a failure to forward a copy of the summons as a defense." (Footnotes omitted.)

8 Appleman, Insurance Law & Practice § 4741 (Rev.1981); 8 Blashfield Automobile Law & Practice § 342.10 (1966) ("Where the policy so provides, the insured is under a duty to deliver to the company any suit papers, such as process or pleadings, *which he receives. . . .*" (Emphasis added.)); 14 Couch on Insurance 2d § 51:123 (Rev.1982) ("Where the claimant was required to serve the insured by publication[,] it is obvious that the requirement does not apply.") The plain language of the policy condition also appears to contemplate actual receipt: "If claim is made or suit is brought against the insured, he shall immediately forward to the Company every demand, notice, or summons *received by him or his representative.*" (Emphasis added.)

The case law on the issue is scant but convincingly in favor of disallowing MFA's defense of breach of a policy condition where the insured could not possibly perform. In a recent decision in Ohio, the supreme court addressed the problem in a case similar to the one here. *Brown v. Donders,* (1975) 42 Ohio St.2d 133, 326 N.E.2d 647. The insured reported the accident to his insurer which then covered the insured's traffic court trial. The injured party, who had no knowledge of the insurer, sued the insured, served him by publication, and obtained a default judgment. The injured party filed a supplemental petition for satisfaction of the judgment, and the insurer defended upon insured's breach of the policy condition requiring suit papers be forwarded. The supreme court stated the "condition was impossible of performance

responsibility to comply with the conditions. There was no proof presented that Downey knew MFA had waived compliance by denying liability. Thus, we cannot say such waiver was

legal justification for Downey's failure to fulfill the contract provisions, and we must of necessity address the issue on other grounds.

and such a defense to the supplemental petition, under the circumstances, is invalid." *Id.* at 139, 326 N.E.2d at 651.

The Seventh Circuit Court of Appeals reached a similar conclusion in *Groth v. Standard Accident Insurance Co.,* (7th Cir. 1959) 267 F.2d 399. In that case, the plaintiff insured was trying to recover from his insurer on a default judgment rendered in the injured woman's favor after her negotiations with the plaintiff's insurer failed. The primary foundation for the court's decision that the insurer would not be relieved of its liability was premised on language in the policy almost identical to the language now before us for examination, particularly the phrase "every demand, notice, summons or other process received by him or his representative." The court stated:

> "Actually condition 7 is not ambiguous but to the contrary appears to be concise and given to clear and definite understanding. It makes as an absolute prerequisite to liability, the receipt by the [insurer] of any summons 'received by [the insured] or his representative.' We can only create uncertainty by attempting to eviscerate the phrase modifying the words 'summons.' We would have no justification for so doing. The fact that the [insurer] had no chance to defend this action and thereby protect its own interests matters not one iota. [Insurer] wrote the contract. If it chose to demand as a condition precedent only those notices received by the [insured] rather than make the demand absolute, independent of any notice to the [insured], that was a matter of contract. However, having made the decision [insurer] can not repudiate it now. The fact that this perhaps works a hardship upon it, although no more so than to hold otherwise would upon the [insured], and the fact that it simply did not foresee or could not foresee such an eventuality as [insured] pleads does not entitle [insurer] to shift the burden to the [insured] who merely accepted the contract exactly as the [insurer] wrote it."

*Id.* at 401–02. *See also Staples v. Southern Fire & Casualty Co.,* (1956) Ky., 289 S.W.2d 512; *Fisk v. Atlantic National Insurance Co.,* (1967) 108 N.H. 353, 236 A.2d 688, (1972) 112 N.H. 255, 293 A.2d 764. *Contra, Tennant v. Farm Bureau Mutual Automobile Insurance Co.,* (1955) 286 App.Div. 117, 141 N.Y.S.2d 449. The *Staples* case also set forth a public policy argument in support of our holding. In that case, the insured was a nonresident motorist who never received the suit papers forwarded to him by Kentucky's Secretary of State. In response to the insurer's defense against liability that the insured had failed to comply with a condition in the policy, the court stated:

> "Since many states have non-resident motorist statutes, and since the insurance policy purports to protect the insured against judgments rendered in any state, the Company should be deemed to have accepted the risk of liability for judgments obtained under those statutes without actual service of notice and summons on the insured. If the Company did not intend to accept that risk, it would have been a simple matter to place an express disclaimer in that policy."

*Staples v. Southern Fire & Casualty Co.,* 289 S.W.2d at 515; 7A Am.Jur.2d *Automobile Insurance* § 416 (1980). Thus, in *Staples* where, as here, the case was presented to the court on stipulated facts and the only defense presented by the insurance company was a breach of the conditions of its policy requiring it to be given notice of the court action against its insured, the court of appeals reversed and entered judgment for the injured party.

Although there is no Indiana law directly on point, we discern some guidance in an analogous circumstance where a policy condition requires the insured to give timely notice of an accident to the insurer. This court has said that such timeliness must be measured from the time the insured actually *knew* of the accident. Such policy condition cannot be construed to require an insured to do an impossible thing— to give notice of an accident before it knew about it. *New Amsterdam Casualty Co. v. Plaza Square Realty Co.,* (1935) 101 Ind. App. 174, 195 N.E. 289; *see also Peele v.*

*Provident Fund Society,* (1896) 147 Ind. 543, 44 N.E. 661. Nor do we believe an insured can forward suit papers it does not receive. For all these reasons, we hold MFA cannot avail itself of Downey's failure to forward suit papers to avoid liability to Newport.[4]

*Cooperation Clause*

We also hold MFA cannot raise a defense on the breach of the cooperation clause. We will not even approach the subject from the incongruous standpoint of requiring Newport, the injured party, to cooperate with MFA. The policy again unambiguously places that duty solely on Downey, the insured. There is no dispute Downey did not appear in the original action. However, MFA must show more than this in order to forestall Newport's claim for recovery. When an insurer attempts to show a breach of cooperation clause, it is incumbent upon it to show in what manner the *insurer* strove to achieve compliance.

"The problem of non-cooperation has a dual aspect: not only what the assured failed to do, but what the insurer on its part did to secure co-operation from an apathetic, inattentive, or vanished policy holder, must be considered. Liability insurance is intended not only to indemnify the assured, but also to protect members of the public who may be injured through negligence. Indeed, such insurance is made mandatory in many states. It would greatly weaken the practical usefulness of policies designed to afford public protection, if it were enough to show mere disappearance of the assured without full proof of proper efforts by the insurer to locate him."

*Pennsylvania Threshermen & Farmer's Mutual Casualty Insurance Co. v. Owens,* (4th Cir.1956) 238 F.2d 549, 550–51. For example, "[a]n insurer must establish that the absence of insured was intentional and without legal excuse." 8 Appleman, *supra,* § 4784. The insurer must also show it exercised good faith and diligence in securing the cooperation of its insured. 8 Blashfield, *supra,* § 342.11; *cf., Potomac Insurance Co. v. Stanley,* (7th Cir.1960), 281 F.2d 775 (under circumstances of case, insurer clearly exercised diligence in attempting to obtain insured's cooperation and attendance at trial). The general import of this requirement is to prevent such collusion between an insurer and its insured so as to defeat liability under the policy by the insured's absence from trial. 8 Appleman, *supra,* § 4784; Annot., 9 A.L.R.4th 218 (1981).

An examination of the agreed statement of facts from which the trial court decided this case revealed no evidence suggesting any effort by MFA to keep in contact with Downey once it was initially informed of the accident. Of course, MFA would have a difficult time showing how it could possibly effect Downey's cooperation for a trial of which it had no notice. Neither did the agreed facts show that Downey was even aware of the suit and intentionally failed to cooperate. Therefore, MFA is precluded from relying on the defense of a breach of the cooperation clause in the policy.

Under the circumstances, MFA will not be allowed the use of a defense for Downey's lack of cooperation nor the defense of lack of notice to forestall Newport's recovery.[5] Because we have concluded that the only defenses presented by MFA in this case were not applicable, the judgment must be set aside, and since the facts were stipulated, a judgment for Newport should be entered. *See Staples v. Southern Fire & Casualty Co., supra.*

We reverse.

YOUNG, P.J., and CONOVER, J., concur.

---

4. Though not raised, the same syllogistic reasoning applies to the clause in condition No. 10 precluding a direct action unless the injured party enters into an agreement with the insured and MFA or earns a judgment against the insured after actual trial. In the narrow context of this case, the impossibility of procuring Downey's appearance at trial or for that matter, to negotiate a settlement, excuses performance by the injured party, Newport.

5. MFA also argues Newport is precluded from relying upon the Indiana Financial Responsibility Act, Ind.Code 9–2–1–1 *et seq.* because she failed to argue this point until appeal. We agree but find this statute has no bearing on the case anyway.