Bell, J.
 

 As we view this case the right of appellant to recover from the insurer is dependent upon whether
 
 *488
 
 the administrator of the assured fully complied with the terms of the policy which imposed liability upon the insurer.
 

 In
 
 Stacey
 
 v.
 
 Fidelity & Casualty Co. of New York,
 
 114 Ohio St., 633, 151 N. E., 718, paragraph three of the syllabus reads:
 

 “By the provisions of Section 9510-4, General Code, a judgment creditor is entitled to a direct action against the insurance company after obtaining a judgment against the assured and after the lapse of 30 days after judgment is rendered, provided that any valid conditions in the contract of insurance pertaining to notice of the accident, or of a claim being made on account of such accident, or of suit being brought against the assured on account of casualties coming within the terms of said policy, which would be binding upon the assured are likewise binding upon such judgment creditor.”
 

 In
 
 Luntz et al., Exrs.,
 
 v.
 
 Stern,
 
 135 Ohio St., 225, 20 N. E. (2d), 241, paragraph two of the syllabus reads as follows:
 

 “By the provisions of Section 9510-4, General Code, a judgment creditor is entitled to a direct action against the insurance company after obtaining a judgment against-the assured and after the lapse of 30 days after judgment is rendered, provided that any valid conditions or requirements in the contract of insurance which would be binding upon the assured are likewise binding upon such judgment creditor.”
 

 By these cases it is definitely established in Ohio that an injured person cannot recover from an insurer under the provisions of Section 9510-4, General Code, where there has been such a breach of the valid conditions of the policy as would prevent recovery by the assured.
 

 These cases deal with the assured; however there can be no doubt that the administrator stands in the
 
 *489
 
 same position as the assured, having the same rights, duties and obligations.
 

 18 Ohio Jurisprudence, 269, Section 215, reads:
 

 “It is a fundamental principle that contractual obligations of a decedent, which do not terminate at his death, are binding on executors and administrators in their representative capacity * *
 

 While it was necessary to present to the administrator of the assured any claim for personal injury or property damage growing out of the collision, such administrator was bound to comply with the terms of the policy or the injured party was barred from recovery thereunder.
 

 Several claims were presented to the administrator. The record discloses that the aggregate amount of all the claims presented was well within the limits specified in the policy; that if any or all of such claims were paid, in whole or in part, the insurer would be compelled to make such payments; and that under no cir-cumstance could the estate be compelled to pay, as the inventory made apparent that deceased left no estate.
 

 It would seem under such circumstances that the insurer should have the right to say whether the claims should be allowed or rejected, and the administrator should follow the insurer’s decision thereon.
 

 We think that a provision contained in an automobile indemnity insurance policy whereby the insurer reserves the right to allow, defend or settle all claims within the limits, of the policy growing out of any accident covered thereby creates a binding and legal obligation upon the assured, or in case of death his administrator, to permit such insurer to exercise its judgment and to determine the disposition to be made of any such asserted claims.
 

 The insurer refused to furnish the administrator with a copy of the policy, and while the record fails to disclose any justification for such refusal, that fact,
 
 *490
 
 even if unjustifiable, could afford no solid foundation for the administrator proceeding without regard to the provisions of the policy.
 

 By the terms of the policy the administrator was duty bound to co-operate with the insurer, although the policy did not provide that the insurer co-operate with him.
 

 The undisputed testimony establishes that the administrator, with knowledge of the position taken by the insurer, made no attempt to secure the policy from the named assured (Astor Basmajian), but proceeded to determine that the estate was liable to appellant in the sum of $2,367.25; that he took this action in the face of his knowledge that the insurer claimed there was no liability on the part of the assured; and that if he insisted on following his plan of making any allowance there was a probability that the estate would lose the benefit of the protection afforded by the policy.
 

 The appellant was dissatisfied with and refused to accept the allowance. He notified the administrator of that fact and thereafter the administrator and appellant proceeded to enter into an agreement of reference. After the-referees had reported to the Probate Court, when the matter was on for hearing upon the question of whether the report should be confirmed or rejected, the administrator took no action looking toward the rejection of the. report, and after confirmation indorsed the entry confirming the report and failed to take an exception to that order and judgment.
 

 By his acts he deprived the insurer of the right to have a jury determine the question of liability and the amount of compensation due if liability were established. He also deprived the insurer of its right to appeal from an adverse decision upon those questions.
 

 There is no claim that the administrator did not act in good faith; he testified that ho acted in accordance with the provisions of the statutes applicable to a claim
 
 *491
 
 filed against the estate of a deceased person, regardless of the terms of the policy. That the administrator did not consider that the insurer had the right under its policy to determine whether any claim growing out of the collision should be allowed or rejected becomes apparent from the reading of the following part of his testimony given on the trial upon the supplemental petition.
 

 “Q. Now, without challenging your good .faith in the matter at all, Mr. Igo, you assumed that the administrator had control of these matters rather than the insurance company, that is, the statute of Ohio vested in you that control? A. I saw that there was perhaps some conflict, but I decided that my only course was to follow the probate statutes.
 

 “Q. And the defendant insurance company did not influence you in any manner in that respect? A. No, they did not.
 

 “Q. I believe, as a matter of fact, from the very beginning when you first talked to Mr. Paul Gingher here at the court house shortly after your appointment, he advised you of the position of the insurance company in the premises, did he not? A. Well, I talked to Mr. Gingher on the 22nd of March in the morning; I don’t remember the conversation, but I suspect that was the tenor of it. ’ ’
 

 The only fair inference from this testimony is that the administrator concluded that he had the right and the duty to determine whether a claim growing out of the collision created liability and if he determined that the assured was liable he could allow the claim in whole or in part and by his action fasten liability upon the insurer irrespective of the terms of the policy.
 

 The appellant knew, or in the exercise of reasonable care should have known, that decedent was possessed of no estate and that he could not enforce payment of his claim against the insurer except under the terms of the policy.
 

 
 *492
 
 The right and duty of an injured party under such circumstances are stated by this court in the case of
 
 Hartford Accident & Indemnity Co.
 
 v. Randall, 125 Ohio St., 581, 183 N. E., 483. Paragraph four of the syllabus reads as follows:
 

 “A person injured by the assured in such manner as to entitle the assured to indemnity under the policy, has such potential beneficial interest in the policy, by the provisions of Section 9510-4, General Code, as to warrant such injured person to comply with the terms and conditions of the policy agreed to be performed by the assured, even though sqch performance be without the knowledge or concurrence of the assured, and a waiver to such injured party is equivalent to a waiver to the assured.”
 

 So far as disclosed by the record appellant did nothing to comply, or to see that the administrator complied, with the terms of the policy.
 

 We therefore must conclude that the administrator and the appellant failed to comply with these conditions of the policy:
 

 Paragraph one, under the title “Additional Insuring Agreements ’ ’:
 

 ‘“Defense, settlement, supplementary payments. It is further agreed that as respects insurance afforded by this policy under coverages A, B, C, and D the company shall (a) defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the company; (b) pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy, all premiums on appeal bonds required in any such defended suit, but without any obligation to apply
 
 *493
 
 for or furnish such bonds, all costs taxed against the insured in any such suit, all expenses incurred by the company, all interest accruing after entry of judgment until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company’s liability thereon, and any expense incurred by the insured, in the event of bodily injury, for such immediate medical and surgical relief to others as shall be imperative at the time of accident. The company agrees to pay the expenses incurred under divisions (a) and (b) of this paragraph in addition to the applicable limit of liability of this policy.”
 

 Paragraph nine of ‘ ‘ Conditions ’ ’:
 

 “Coverages A, B, C, and D. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the conditions hereof, nor until the amount of the insured’s obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company, nor in either event unless suit is instituted within two years and one day after the date of such judgment or written agreement. Any person or his legal representative who has secured such judgment or written agreement shall thereafter be entitled to recover under the terms of this policy in the same manner and to the same extent as the insured. Nothing contained in this policy shall give any person or organization any right to join the company as a codefendant in any action against the insured to determine the insured’s liability. Bankruptcy or insolvency of the insured shall not relieye the company of any of its obligations hereunder.”
 

 Paragraph 15 of “Conditions”:
 

 “The insured shall co-operate with the company and, upon the company’s request, shall attend hearings and trials and shall assist in effecting settlements, se
 
 *494
 
 curing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits and the company shall reimburse the insured for any expense, other than loss of earnings, incurred at the company’s request. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the accident.”
 

 Terms and conditions such as above quoted have been consistently held to be conditions precedent to the right of recovery. In cases where the assured has failed, to comply with such conditions the holdings have been uniform to the effect that the insurer is not .liable under the policy, and that no recovery can be had from the insurer; if it were otherwise the insurer would be completely at the mercy of the participants in the accident.
 

 The appellant therefore cannot recove]- against the insurer unless the administrator of the assured was excused from such noncompliance by reason of some act of the insurer; in other words, (1) is the insurerestopped from asserting a failure of compliance, or (2) did the insurer waive compliance!
 

 An estoppel arises where one is concerned in or does an act which in equity and good conscience will preclude him from averring anything to the contrary, as where another has been innocently misled into some injurious change of position. See
 
 Morgenthaler
 
 v.
 
 Cohen,
 
 103 Ohio St., 328, 132 N. E., 730; and
 
 Hartford Accident & Indemnity Co.
 
 v.
 
 Randall, supra.
 

 There is no evidence in the instant cáse to support the claim that any act of the insurer caused the administrator to alter his position to his prejudice.
 

 What has been said as to the application of the' doctrine of estoppel applies as well to the doctrine of waiver.
 

 
 *495
 
 A further reason for this conclusion may be found, in paragraph five of the “Conditions” of the policy which provides as follows:
 

 “No notice to any agent or knowledge possessed by any agent or by any other person shall be held to effect a waiver or change in any part of this policy, nor estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part hereof, signed by the president and secretary of the company, and countersigned by a person duly authorized so to do.” .
 

 The doctrine of estoppel or waiver cannot be asserted under the facts in the instant ease as an excuse for failure to comply with the terms of the policy.
 

 We are of the opinion that the record fully sustains-the conclusion that the administrator of the estate of the assured failed to comply with provisions of the policy which were conditions precedent to the right of recovery and by reason thereof no liability accrued under the policy.
 

 This conclusion being dispositive of the case, other questions presented by the record are unnecessary to determine.
 

 The judgment of the Court of Appeals is correct and should be and hereby is affirmed.
 

 Judgment
 
 affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Williams and Turner,, JJ., concur.