Williams, J.
 

 The ground of such second reversal is, in short, that the defendant Ferkel, having no knowledge of the pendency of the present action, could not give notice thereof to the defendant insurance company; that the plaintiff, Anna L. Hendershot, was bound to give such notice; and that the notice given by her was not reasonable.
 

 
 *114
 
 The sole question before this court now is whether that ground of error is well-founded.
 

 The insurance policy involved, which was taken out in the name of the father, William Ferkel, on his automobile, contained the following provision:
 

 “In the event of an accident involving injuries or death to persons, or property damage, covered by this policy, the assured shall give immediate notice thereof, with the fullest information possible, to the home office of the company as soon after such occurrence as may be reasonably possible; he shall notify the company at its home office immediately of any claim, whether groundless or otherwise, which may be asserted against him by reason of the ownership, maintenance or use of the automobile herein described ; and in the event suit may be brought against the assured to enforce such claim the assured shall forthwith forward to the company at its home office every summons, subpoena or other paper served upon him; and the assured will, without charge, assist 'the company in the investigation, settlement or defense of any such claim or suit until the same shall have been finally disposed of.”
 

 The policy contained also an omnibus clause which protected the defendant Ferkel in driving the insured’s automobile.
 

 Neither the defendant Ferkel nor his father ever violated the provisions of this policy by failing to give notice or otherwise. This statement is borne out by an analysis of the facts.
 

 The defendant insurance company had gained knowledge of the claim of the plaintiff, Anna L. Hendershot, in the year 1937 through a previous action brought in Sandusky county, Ohio, to recover damages for the same injuries. Service of summons therein was made by leaving a copy at the residence of defendant’s father, William Ferkel, in that county, and
 
 *115
 
 lie promptly sent the summons to the defendant insurance company. Prior to the time of that service, the defendant Ferkel had gone to the state of California and taken up his residence there.
 

 The defendant insurance company defended that action and through its counsel caused the case to be removed to the United States District Court where the service of summons was quashed on motion of the defendant Ferkel, filed by the attorneys of such insur-. anee company. Thereafter and before the commencement of the present action, that is, the second action for damages, such previous suit was dismissed for want o'f prosecution. See
 
 Hendershot
 
 v.
 
 Ferkel, supra.
 

 It is therefore plain that the defendant insurance company had ample time to make investigation and gather all available information that would be valuable in making a defense.
 

 The father promptly forwarded the summons in the first action for damages and otherwise co-operated with the insurer at all times. The son could not forward the' summons in the second .action for damages or otherwise co-operate because no papers were served on him personally and he had no knowledge of that action until after the judgment was rendered against him. On the other hand neither the contract of insurance nor any statute imposed on the injured plaintiff an obligation to give to the insurer notice of the pendency of such an action.
 

 The Court of Appeals, however, held that it was such plaintiff’s duty to give reasonable notice and stated its position in the following language:
 

 “The plaintiff and her counsel knew, in October, 1938, from.the return of the summons with the notation on the envelope ‘unknown at address,’ and the lack of a signed register receipt that Clarence Ferkel had not in fact received the summons. [Exhibit referred to] They also knew from the appearance of
 
 *116
 
 counsel for the insurance company in the first action and the resultant removal of the case to the District Court, October 9, 1937, that the defendant was protected by insurance and that the insurance company was interested in the case and undertaking its defense, and she could and should have protected her rights as against the insurance company by notifying it of the institution of the instant action. Not having done so, she cannot, under the law as enunciated by our Supreme Court, have recourse to the new defendant, Motorists Mutual Insurance Company. Under the circumstances disclosed by the record, the defendant Ferkel being in California, the letter of January 20, 1940, cannot be held to be reasonable notice of the pendency of the action.”
 

 The pronouncements of this court relied on as enunciating the rule that plaintiff must give notice to the insurance company are
 
 Stacey
 
 v.
 
 Fidelity & Casualty Co. of New York,
 
 114 Ohio St., 633, 151 N. E., 718;
 
 Hartford Accident & Indemnity Co.
 
 v.
 
 Randall,
 
 125 Ohio St., 581, 183 N. E., 433;
 
 Luntz et al., Exrs.,
 
 v.
 
 Stern,
 
 135 Ohio St., 225, 20 N. E. (2d), 241; and
 
 In re Estate of Basmajian,
 
 142 Ohio St., 483, 52 N. E. (2d), 985. These cases do hold that the judgment creditor stands in the shoes of the insured judgment debtor and that, if the latter cannot recover against the insurance company, the former cannot. But here the defendant Ferkel, if compelled to pay the judgment, could recover against the insurance company for the reason that neither he nor the named insured violated the contract of insurance in any way. The cases relied on, moreover, do not settle the question whether, under such circumstances as we have here, the injured
 
 party
 
 must give notice of a pending damage case to the insurance company as a prerequisite to a right to recover over against such company upon the issue made on a supplemental petition.
 

 
 *117
 
 It is not necessary, however, to determine whether a legal duty rested on the plaintiff to give the insurer notice of the pendency of the action for damages, provided it is determined that the reasonableness of the notice was under the evidence a question of fact for the trial court.
 

 The defendant insurance company had no notice of the second trial until the receipt of the registered letter from plaintiff’s counsel on January 22,1940 — seven days before the day the trial was set and the judgment taken against the defendant Ferkel; but in view of the fact that the insurer had then known of plaintiff’s claim for damages for more than two years and nevertheless elected not to defend the second action, it cannot be said as a matter of law that the notice was not reasonable, unless by the lateness of its receipt some right was lost.
 

 Now it is urged that “the right of removal to the federal court has been lost by expiration of the time element”; and authorities are cited tó the effect that a petition and bond for removal must be filed within the time given to plead or answer and unless so filed, removal may be had only with plaintiff’s consent. True, when notice was received, the last day to plead or answer had gone by; but it is doubtful whether that rule applies under the facts presented here for a petition for removal could not be filed until the insurer learned of the pendency of the case; at any rate that question would be for the determination of the court to which removal was made. 2 Cyclopedia of Federal Procedure, 341, Section 419 (note 22) and 431, Section 470. It is enough to say that removal was not even attempted. Certainly the defendant Ferkel was entitled to have defense made as required by the policy and it hardly lies in the mouth of the insurance company to say that in failing to do its duty to such defendant it established rights against the plaintiff. Had prompt
 
 *118
 
 defense been made resulting in a determination that tbe right of removal had been lost, by delay in giving notice, that fact could then well be urged to have a cogent bearing on the question of reasonableness as a matter of law.
 

 Assuming but not deciding that notice was required, we conclude that in view of all the surrounding circumstances the question of reasonableness was one of fact for the trial court, a jury having been waived, and that the finding and judgment therein against the insurance company must be sustained.
 

 Therefore the Court of Appeals committed prejudicial error in reversing the judgment of the court below and entering final judgment for the insurance company as a matter of law. Accordingly, the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Bell, Turner and Matthias, JJ., concur.
 

 Hart, J., dissents.