OPINION
Defendant-appellant, First State Insurance Company, appeals from the decision of the Belmont County Court of Common Pleas granting plaintiff-appellee's, Bellaire TV Cable Co., Inc.'s, motion for summary judgment.
On April 30, 1993, appellee filed a lawsuit against Valley Construction Company (Valley) alleging that Valley negligently damaged appellee's television conduit and cable in July of 1992. Valley filed a counterclaim alleging that appellee damaged its nylon wire used to string electrical lines. The case was originally set for trial on September 13, 1994, but was continued at least twice until November 8, 1995. The trial court ruled in appellee's favor, awarded appellee a judgment for $24,118.17, plus interest, and dismissed Valley's counterclaim in its December 4, 1995 judgment entry.
On June 10, 1996, appellee filed a supplemental complaint against appellant claiming that at the time Valley damaged its cable and conduit, Valley was insured by appellant. Appellee alleged that its judgment against Valley remained unsatisfied and sought the full amount of the judgment plus interest from appellant. Appellant filed an answer and counterclaim seeking a declaratory judgment that it owed no duty of indemnification to Valley for the judgment obtained by appellee. Appellant and appellee filed competing motions for summary judgment. Appellant alleged that it was entitled to summary judgment because Valley waited nearly three years to inform it of the damage to appellee's cable and nearly two years to inform it of appellee's lawsuit, thus voiding coverage under the notice provisions of the insurance policy. Appellee alleged in its motion that appellant was obligated to provide liability coverage to Valley by paying the judgment appellee obtained.
The trial court issued its opinion on June 15, 2001 and its judgment entry on July 30, 2001 overruling appellant's motion for summary judgment, granting appellee's motion for summary judgment, and ordering judgment against appellant for $24,118.17, plus interest. Appellant filed its timely notice of appeal from this judgment on August 15, 2001.
Appellant raise three assignments of error. It argues its first two assignments of error together because the applicable law and facts are intertwined. Thus, we will consider them together also. Appellant's first assignment of error states:
 "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR SUPPLEMENTAL COMPLAINT PLAINTIFF BELLAIRE TV CABLE CO., INC. BECAUSE DEFENDANT FIRST STATE INSURANCE COMPANY WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW."
Appellant's second assignment of error states:
 "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR SUPPLEMENTAL COMPLAINT PLAINTIFF BELLAIRE TV CABLE CO., INC. BECAUSE GENUINE ISSUE OF MATERIAL FACT REMAINED BEFORE THE COURT."
Appellant argues that the trial court erred in granting summary judgment to appellee because appellant itself was entitled to summary judgment. In the alternative, appellant argues that genuine issues of material fact exist which warrant reversal of the trial court's decision. Appellant claims that since Valley failed to give it notice of the occurrence that led to the lawsuit for almost three years and failed to give it notice of the lawsuit for almost two years, it was entitled to summary judgment as a matter of law. Appellant argues that Valley provided no explanation or reason for its delay in informing appellant of the occurrence and lawsuit. Appellant maintains that the notice provision in the policy created a condition precedent to coverage and since Valley failed to comply with the condition, this precluded appellee from recovering under the policy. Additionally, appellant claims that by failing to give it prompt notice Valley denied it of the opportunity to conduct a meaningful investigation, to determine whether the claim was covered by the policy, to control the litigation, to pursue possible subrogation claims, and to protect its interests. Citing, Ormet PrimaryAluminum Corp. v. Employers Ins. (2000), 88 Ohio St.3d 292, 302-303.
Next, appellant argues that if prejudice to it as the insurer is a relevant consideration, appellee failed to rebut the presumption of prejudice. Appellant contends that where, as in the present case, notice of either the occurrence giving rise to the lawsuit or the lawsuit is unreasonably delayed, prejudice is presumed. Citing, Id.; Ruby v.Midwestern Indem. Co. (1988), 40 Ohio St.3d 159. It contends that where a presumption of prejudice exists, the insured must rebut the presumption by a preponderance of admissible evidence to preclude summary judgment for the insurer. Appellant points out that appellee's owner, Richard Nowak (Nowak), testified in his deposition that the damaged cable was removed as of December 9, 1994, three months before Valley gave notice to appellant. It also points to Nowak's testimony that the damage to appellee's property began in 1988, approximately four years before the effective date of the policy. Additionally, appellant asserts that Valley's selection of its own counsel to defend it in appellee's lawsuit deprived appellant of another condition precedent for coverage under the policy. Appellant claims that Valley further denied it of potential settlement opportunities by pursuing Valley's own settlement strategies thereby further prejudicing it.
An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. The Ohio Supreme Court set out the standard for considering motions for summary judgment in Dresher v. Burt (1996),75 Ohio St.3d 280. The court stated:
"[W]e hold that a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence [emphasis sic.] of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id. at 293.
The court is obligated to view all the evidentiary material in a light most favorable to the nonmoving party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317. Summary judgment is appropriate when there is no genuine issue as to any material fact. A "material fact" depends on the substantive law of the claim being litigated. Hoyt, Inc. v. Gordon Assoc., Inc. (1995), 104 Ohio App.3d 598, 603, citing Anderson v. LibertyLobby, Inc. (1986), 477 U.S. 242, 247-248.
Appellant issued a construction insurance policy to Valley for the period of March 12, 1992 to March 12, 1993. The policy contained the following provisions:
"SECTION IV — COMMERCIAL GENERAL LIABILITY CONDITIONS
"* * *
"2. Duties In The Event Of Occurrence, Claim Or Suit.
 "a. You must see to it that we are notified promptly of an `occurrence' which may result in a claim. Notice should include:
 "(1) How, when and where the `occurrence' took place; and
 "(2) The names and addresses of any injured persons and witnesses.
 "b. If a claim is made or `suit' is brought against any insured, you must see to it that we receive prompt written notice of the claim or `suit.'
"c. You and any other involved insured must:
 "(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or `suit;'
"* * *
 "d. No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent."
The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions" and defines "suit" as "a civil proceeding in which damages because of * * * `property damage', * * * to which this insurance applies are alleged."
The facts concerning when Valley gave notice to appellant are undisputed. Ms. Sarno is employed as a claims adjuster for appellant. Ms. Sarno stated in her affidavit that appellant first received notice of the alleged damage to appellee's property and the ensuing lawsuit on March 27, 1995. Neither party contests this fact. Therefore, the question we must decide is whether appellee's notice to appellant was "prompt," thus complying with the terms of the policy. A notice provision in an insurance policy is a condition precedent to coverage. Henry v. Newby
(June 13, 1996), 5th Dist. No. 95-CA-12; Walker v. Buck (1993),86 Ohio App.3d 846, 849. "Prompt" notice requires "notice within a reasonable time in light of all the surrounding facts and circumstances."Ruby, 40 Ohio St.3d at syllabus.
The Ohio Supreme Court recently addressed the issue of prompt notice under an insurance policy in Ormet, supra. The court noted that generally the question of whether an insured met the notice requirement is a question for the jury. Id. at 300. However, it went on to state that an unexcused significant delay may be unreasonable as a matter of law. Id. It reasoned that:
"Notice provisions in insurance contracts serve many purposes. Notice provisions allow the insurer to become aware of occurrences early enough that it can have a meaningful opportunity to investigate. In addition, it provides the insurer the ability to determine whether the allegations state a claim that is covered by the policy. It allows the insurer to step in and control the potential litigation, protect its own interests, maintain the proper reserves in its accounts, and pursue possible subrogation claims. Further, it allows insurers to make timely investigations of occurrences in order to evaluate claims and to defend against fraudulent, invalid, or excessive claims." (Citations omitted.) Id. at 302-303.
In the present case, the trial court held that the facts and circumstances surrounding the delay in giving notice established that the delay was not unreasonable. It stated that the mere fact that the outcome was unfavorable to Valley and the investigation was not conducted in tandem with appellant do not contradict appellee's factual assertions. These assertions consisted of: Valley vigorously defending the underlying action; Nowak's affidavit that stated that the damaged cable was still in place and available for inspection on the date of trial; and the trial court continued the trial for six months after appellant received notice.
"Unreasonable delay in the giving of notice may be presumed prejudicial to the insurer absent evidence to the contrary." Ruby,40 Ohio St.3d at 161 citing, Patrick v. Auto-Owners Ins. Co. (1982), 5 Ohio App.3d 118,119. What constitutes an unreasonable delay is generally a question for the jury. Ormet, 88 Ohio St.3d at 300. However, courts have held delays of one, two, and three years to be unreasonable as a matter of law.Copper v. Willis (Apr. 10, 2000), 4th Dist. No. 99CA2519; Helman v.Hartford Fire Ins. Co. (1995), 105 Ohio App.3d 617, 624; Patrick,5 Ohio App.3d at 119. Accordingly, we may presume Valley's delay in giving notice to appellant was prejudicial to appellant absent a showing to the contrary.
Appellee emphasizes the fact that the trial court granted a continuance to allow appellant time to prepare for trial and the fact that Valley defended the original lawsuit against it. However, appellee has failed to demonstrate that Valley's late notice did not prejudice appellant.
The trial court overlooked several important facts and circumstances in reaching its decision, all of which reveal prejudice to appellant. First, appellee failed to present any evidence that the two to three year delay in receiving notice did not prejudice appellant. The burden is on appellee to affirmatively demonstrate that the late notice did not prejudice appellant. Although appellee asserts that appellant did not suffer any prejudice from the late notice, the "mere assertion that appell[ant] was not prejudiced absent more is insufficient as a matter of law to rebut the applicable presumption. Appell[ant] is put in a position where it cannot specifically ascertain what information or opportunities would have been available had notice been timely." Copper, 2000 WL 378368 at *5. Appellee has failed to come forward with any evidence to rebut the presumption in appellant's favor.
In contrast, appellant presented evidence that the delay in notice did prejudice it. It presented Ms. Sarno's affidavit as evidence. Ms. Sarno stated in her affidavit that, due to the delay in notice, appellant was deprived of a meaningful opportunity to investigate the claim for nearly three years and was deprived of the opportunity to control the litigation by selecting counsel, determining litigation strategies, and conducting settlement negotiations for nearly two years.
Second, the trial court relied on Nowak's affidavit and ignored his previous deposition testimony. Nowak's deposition, which both parties rely on, raises a question with regard to whether the delay in notice prejudiced appellant by denying appellant the opportunity to examine the damaged cable. At deposition Nowak testified to the following:
"Q. But yet you haven't replaced any of the cable?
"A. No.
"Q. So the cable is still all workable?
"A. Yes, it's workable but it's short lifed [sic].
 "Mr. Bean [appellee's counsel]: There has been some replaced. I don't think you understand the question. Some of the cable has been replaced, some of it hasn't, where it was arched?
 "A. Some of it that was definitely out of service I have put back in.
"Q. (By Ms. Hoffman) So you've replaced some cable?
"A. Yes." (Nowak Depo. p. 19-20).
Valley deposed Nowak on December 9, 1994, several months before it gave notice to appellant of appellee's claim. Nowak's testimony indicates that some of the damaged cable was replaced. Consequently, Nowak's deposition reveals that appellant was denied the opportunity to fully investigate the claim. In contrast, on September 28, 2000, appellee filed a reply brief with the trial court and attached a subsequent affidavit of Nowak. In the affidavit, Nowak states that the damage to the cable was still in place and available for inspection to appellant during the six months before trial. (Nowak Affidavit). However, "when a litigant's affidavit in support of his or her motion for summary judgment is inconsistent with his or her earlier deposition testimony, summary judgment in that party's favor is improper because there exists a question of credibility which can be resolved only by the trier of fact." Turner v. Turner (1993),67 Ohio St.3d 337, 341-42. Thus, summary judgment in appellee's favor was improper. If all or part of the damaged cable had already been repaired or replaced when appellant received notice of the alleged damage, then the late notice prejudiced appellant because appellant was denied the opportunity to investigate the claim.
Third, the trial court failed to consider the effect of the late notice on appellant's ability to settle appellee's claim. The damage to appellee's property occurred in July of 1992. Appellee filed its complaint against Valley on April 30, 1993. When appellee originally filed its complaint, it alleged actual damages in the amount of $7,113.47 and sought total damages of $15,000. Appellee amended its complaint on March 23, 1995 seeking damages in the amount of $60,000. Had Valley informed appellant of the lawsuit when appellee first filed it, appellant would have had the opportunity to settle the claim for the lesser amount before appellee amended its complaint. Appellant would have had almost two years to settle the claim for under $15,000 had Valley provided proper notice. However, since it did not have notice of the claim, appellant was denied this option. Now appellant is faced with paying a judgment of $24,118.17 plus interest and costs in addition to the expenses of drawn out litigation.
Fourth, between the time appellee filed its claim and the time Valley gave appellant notice, most if not all of the pretrial work had been completed. Within this time, Valley filed its answer and counterclaim, discovery took place, the court held pretrial conferences, the parties took depositions and the case was set for trial. Appellant was deprived of the opportunity to control or even influence the pretrial strategy.
Finally, Valley was aware of the damage to the cable for almost three years and was aware of appellee's claim for almost two years before it gave appellant notice, thus, violating the terms of the insurance contract. Furthermore, Valley never offered an explanation for its lack of notification.
Accordingly, the trial court erred in entering summary judgment for appellee. Furthermore, it should have entered summary judgment on behalf of appellant. The evidence indicates that Valley failed to give appellant prompt notice and that the delay prejudiced appellant in numerous ways. Appellee has failed to demonstrate otherwise. Thus, appellant's first assignment of error has merit and its second assignment of error is moot.
Appellant's third assignment of error states:
 "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR SUPPLEMENTAL COMPLAINT PLAINTIFF BELLAIRE TV CABLE CO., INC. BECAUSE IT LACKED THE ORAL ARGUMENT PRESENTED ON OCTOBER 30, 2000 BY COUNSEL FOR THE PARTIES."
On October 30, 2000, the trial court held oral arguments on the motions for summary judgment in front of a particular trial court judge. This judge subsequently recused himself from this case and ordered that the transcript of the oral arguments be transcribed and provided to the newly appointed judge. (Nov. 1, 2000 journal entry). No transcript was ever transcribed or filed with the trial court prior to its decision on June 15, 2001. Additionally, no further oral arguments were held.
Appellant argues that the trial court committed reversible error by ruling on the summary judgment motions without benefit of the transcript of the oral arguments. Citing, Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, syllabus.
Murphy held that Civ.R. 56(C) places a mandatory duty on trial courts to thoroughly examine all appropriate materials filed by the parties before ruling on a motion for summary judgment and that failure to do so constitutes reversible error. Id. at syllabus. Civ.R. 56(C) provides that the court consider all pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact. The rule does not state that the court must consider oral arguments of counsel. The trial court specifically stated in its judgment entry that it "considered the pleadings, affidavits, depositions and memoranda which were served and filed in this action." (July 30, 2001 Judgment Entry). Furthermore, Civ.R. 56(C) does not include oral arguments in its list of items the trial court must consider since oral arguments are not considered evidence. Therefore, the trial court did not commit reversible error in ruling on the summary judgment motion without the benefit of a transcript of the arguments.
Accordingly, appellant's third assignment of error is without merit.
For the reasons stated above, the decision of the trial court is hereby reversed and summary judgment is entered in favor of appellant.
Vukovich, J., concurs.
Waite, J., concurs.