OPINION
{¶ 1} This is an appeal from an order of the domestic relations court overruling a motion to terminate spousal support on a claim of cohabitation.
 {¶ 2} The parties were divorced on October 2, 1998. The agreed judgment and decree awarded James Dean custody of the parties' two minor children, the marital residence, and certain depository accounts. Cheryl Dean was awarded one-half of his retirement account. She was also ordered to pay child support. The decree further provides:
 {¶ 3} "The Defendant-Husband (Obligor) shall pay to the Plaintiff-Wife (Obligee) as an for spousal support, the sum of $141.00 per month, for a total of $1,692.00 per annum, said payments to commence on the 21st day of August, 1998 and be discharged in equal amounts according to pay schedule of the Obligor.
 {¶ 4} "Upon the parties' youngest child reaching the age of emancipation, the Defendant-Husband's spousal support obligation shall automatically increase to the amount of $300.00 per month.
 {¶ 5} "Said spousal support payment shall continue for a period of eight (8) consecutive years or until remarriage of Plaintiff, cohabitation of Plaintiff-Wife with an unrelated adult male as defined by Ohio law, or death of either party. The Court shall not exercise continuing jurisdiction with respect to the issue of spousal support." (Judgment and Decree, p. 7).
 {¶ 6} The younger of the parties' two children would reach eighteen years of age on September 14, 2001, triggering an automatic increase of spousal support from $141 per month to $300 per month. On July 24, 2001, James[1] moved to terminate spousal support on an allegation that Cheryl was cohabiting with a male, Jerry Jones.
 {¶ 7} The motion to terminate was referred to a magistrate. Hearings were held. On the evidence presented, the magistrate found cohabitation but denied the motion to terminate on a further finding that James was aware of the cohabitation when he agreed to assume the spousal support obligation.
 {¶ 8} The magistrate's decision was adopted by the trial court pursuant to Civ.R. 53(E)(4)(c). Neither party filed objections. James filed a timely notice of appeal.
 FIRST ASSIGNMENT OF ERROR {¶ 9} "THE TRIAL COURT'S ADOPTION OF THE MAGISTRATE'S DECISION AND ORDER WAS IN ERROR AS THE MAGISTRATE'S DECISION AND ORDER CONTAINS AN ERROR OF LAW ON ITS FACE."
 SECOND ASSIGNMENT OF ERROR {¶ 10} "THE TRIAL COURT'S ADOPTION OF THE MAGISTRATE'S DECISION AND ORDER IS PLAIN ERROR AS IT RENDERS A COURT DECISION IN VIOLATION OF THE OHIO PUBLIC POLICY."
 {¶ 11} Civ.R. 53(E)(4)(a) permits the court to adopt a magistrate's decision if no written objections are filed "unless it determines that there is an error of law or other defect on the face of the magistrate's decision." Civ.R. 53(E)(3)(b) provides that "[a] party shall not assign as error on appeal the trial court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 12} James concedes that his failure to file objections to the magistrate's decision that the court adopted makes the waiver provision of Civ.R. 53(E)(3)(b) applicable to his appeal. He argues, however, that because an error of law or other defect existed on the face of the magistrate's decision, the court's adoption of the decision pursuant to Civ.R. 53(E)(4)(a) is plain error and subject to review on that basis.
 {¶ 13} We agree that whether a trial court erred by adopting a magistrate's decision containing an error of law or other defect on its face is an issue which is not subject to the waiver provisions of Civ.R. 53(E)(3)(b). We also believe that the existence of that error is necessarily governed by the civil plain error doctrine. Civil plain error is error that seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself. Goldfuss v. Davidson,79 Ohio St.3d 116, 1997-Ohio-401.
 {¶ 14} James argues that civil plain error is shown because the termination of spousal support provision in the divorce decree was triggered by the magistrate's finding of cohabitation, requiring termination. James contends that to do otherwise, as the magistrate did here, both undermines the integrity of the divorce decree and runs counter to Ohio's strong public policy that the law should prevent one from receiving spousal support from both a former spouse and a cohabiting partner. Thomas v. Thomas (1991), 76 Ohio App.3d 482; Taylor v. Taylor
(1983), 11 Ohio App.3d 279.
 {¶ 15} Even assuming both legal predicates on which James' argument is founded, we find no plain error under the Goldfuss standard.
 {¶ 16} It is undisputed that Cheryl is cohabiting with Jerry Jones and was when the decree of divorce was granted. The divorce was uncontested, and both parties signed the agreed judgment and decree.
 {¶ 17} James conceded in his testimony that he was aware when he signed the agreed decree and affirmed his agreement to it in open court that Cheryl was cohabiting with Jerry Jones, and that he was obligated to pay support nonetheless. (T. 64-73). James testified that he felt compelled to agree to the provisions of the decree the parties' lawyers had worked out, explaining:
 {¶ 18} "I was told that I have to pay her spousal support, or I would lose half my retirement and half of what our house was worth. And this is with me — her leaving and myself having custody of our children." (T. 68).
 {¶ 19} James did lose half the value of his retirement plan. However, Cheryl forfeited her one-half interest in the marital residence to James, and her interest in personal property as well. Those transfers probably correspond to James' needs as custodial parent and to Cheryl's decision to make a new life with Jerry Jones. They also represent a decision on Cheryl's part to forego a benefit to which by law she was entitled, an equal share of the value of the parties' marital residence and other marital property that was awarded to James. R.C. 3105.171(C)(1).
 {¶ 20} The domestic relations courts have full equitable powers appropriate to the determination of all domestic relations matters. R.C.3105.011. Estoppel is an equitable doctrine the court may employ in the exercise of that power.
 {¶ 21} An estoppel arises where one is concerned in or does an act which in equity and good conscience will preclude him from averring anything to the contrary, as where another has been innocently misled into some detrimental change of position. In re Basmajian's Estate
(1944), 142 Ohio St. 483.
 {¶ 22} The substance of estoppel is the inducement of another to act to his prejudice, and "acquiescence" embraces all elements of estoppel and assent to the act or conduct of the other party with full knowledge, and "ratification" is confirmation after the act with full knowledge. Holmes v. Hrobon (1952), 93 Ohio App. 1.
 {¶ 23} While the magistrate's decision that the court adopted does not use the term "estoppel," its essential holding was that James is estopped from enforcing the termination of spousal support provision in the divorce decree on the basis of Cheryl's cohabitation with Jerry Jones.
 {¶ 24} James agreed to pay spousal support in exchange for Cheryl's agreement to give him the one-half interest in the marital residence which she was entitled by law to receive. His agreement therefore induced her to change her position to her financial detriment.
 {¶ 25} James acquiesced in Cheryl's cohabitation with Jerry Jones when, knowing that they were then cohabiting, he agreed to pay spousal support to Cheryl on the condition that she not engage in cohabitation. That acquiescence created an implied exception with respect to Jerry Jones in applying the cohabitation/termination of spousal support provision in the decree. James ratified that exception when he then subscribed to the decree containing the spousal support provision and affirmed his agreement in open court, being aware of Cheryl's cohabitation.
 {¶ 26} On this record, we cannot find error, much less plain error, on the face of the magistrate's decision that the trial court adopted. The assignments of error are overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. and YOUNG, J., concur.
[1] For purposes of clarity and convenience, the parties are identified by their first names.